IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 16 2002
JAMES W. McCORMACK, CLE
By: _____ DEP CLE

LARA VINEYARD                                                PLAINTIFF

VS.                          CASE NO. 4:02CV00609 GTE

EWI, INC. and
JOE WHITESIDE                                                DEFENDANTS

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JOE WHITESIDE'S MOTION TO DISMISS

Before the Court is Separate Defendant Joe Whiteside's Motion to Dismiss the claims against him for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*, and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.* Plaintiff has responded, stating that she does not intend to pursue a Title VII claim against Mr. Whiteside individually, but arguing that the ACRA is broader and permits an action for retaliation against Mr. Whiteside.

The law on this point as to Title VII is very clear, with the Eighth Circuit consistently holding that individual employees may not be personally liable. *See Bates v. Wal-Mart Stores, Inc.*, 143 F.3d 1103 (8th Cir. 1998); *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). No liability for violating Title VII may be imposed upon Mr. Whiteside.

The case law is less developed with respect to the ACRA. The ACRA is broader than Title VII, containing three broad categories of rights and remedies protected by the Act. *See*

1

*Morrow v. City of Jacksonville*, 941 F.Supp. 816, 820, n.2 (E.D. Ark. 1996)(describing the ACRA's coverage). With respect to the claims asserted against Mr. Whiteside, two provisions of the ACRA are applicable, the ACRA's anti-discrimination in employment provision, Ark. Code Ann. 16-123-107(a)(1), and its anti-retaliation provision, Ark. Code Ann. § 16-123-108. The Court has no hesitation in concluding that individual liability may not be imposed against Mr. Whiteside under the first provision, but cannot determine with confidence whether Mr. Whiteside is entitled to dismissal under the ACRA's retaliation provision.

The ACRA provides employees with the "right to obtain and hold employment without discrimination" because of gender. Ark. Code Ann. § 16-123-107(a)(1). This section of the ACRA provides for liability only as to employers. See Ark. Code Ann. § 16-123-107(c)(1)(A)("Any individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action..."). The statue specifically defines "employer" to mean a person who employs nine (9) or more employees in the State of Arkansas in each of twenty (20) or more calendar weeks in the current or preceding calendar year." Ark. Code Ann. § 16-123-102(5). Mr. Whiteside is not an employer as defined in the statute, and he therefore cannot be liable under the ACRA for employment discrimination as alleged in Plaintiff's Complaint. *See Morrow v. City of Jacksonville, supra*, 941 F.Supp. at 820 (denying individual liability under the discrimination provision of the ACRA).

The ACRA's retaliation provision is arguably broader in scope, however, and Plaintiff contends that it allows for liability to be imposed against any person who commits an act of retaliation. The provision reads in pertinent part:

"No person shall discriminate against any individual because such individual in good

2

faith has opposed any act or practice made unlawful by this subchapter . . ." Ark. Code Ann. § 16-123-108.

The parties have cited the Court to no case law addressing this specific issue and an independent search has not been fruitful. "The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 953, 69 S.W.3d 393, 401 (2002)(citations omitted)(construing the ACRA to differ materially from the federal Americans with Disabilities Act.).

The Court's preliminary holding, based upon the ACRA's apparent distinction between the liability imposed upon "employers" in Ark. Code Ann. § 16-123-107(c)(1)(A) and upon "persons" in § 16-123-108(a), is to permit Plaintiff to proceed on her individual claim against Mr. Whiteside solely as to her retaliation claim. The Court views this holding as "preliminary" because it will not hesitate to revisit the issue upon additional briefing from the parties. Alternatively, this may be a suitable issue for certification to the Arkansas Supreme Court pursuant to Rule 6-8 of the Arkansas Rules of the Supreme Court and Court of Appeals. If either party requests certification of this issue, they shall promptly so advise the Court.

IT IS THEREFORE ORDERED that the Motion to Dismiss (# 6) filed by Defendant Joe Whiteside, be, and it is hereby, GRANTED as to Title VII, GRANTED as to the ACRA sexual harassment and termination claim, but DENIED as to the ACRA retaliation claim.

IT IS SO ORDERED this 13 day of December, 2002.

*[signature]*
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 12-16-02 BY [initials]

jh

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

December 16, 2002

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:   4:02-cv-00609.

True and correct copies of the attached were mailed by the clerk to the following:

> Christopher Gomlicker, Esq.
> Harrill & Sutter, P.L.L.C.
> 310 Natural Resources Drive
> Post Office Box 26321
> Little Rock, AR   72221-6321
>
> Frankianne Elizabeth Heenan, Esq.
> Harrill & Sutter, P.L.L.C.
> 310 Natural Resources Drive
> Post Office Box 26321
> Little Rock, AR   72221-6321
>
> Elizabeth Robben Murray, Esq.
> Friday, Eldredge & Clark
> Regions Center
> 400 West Capitol Avenue
> Suite 2000
> Little Rock, AR   72201-3493
>
> press, post

James W. McCormack, Clerk

Date: 12/16/02     BY: [signature]